McHENRY v. PAINTER ET AL.

1. **Agent**: ACTION BY TO RECOVER REAL PROPERTY. The mere agent of the owner, appointed by parol to rent and care for real property, is not the trustee of an express trust, and has no such interest in the property as will authorize him to maintain an action in his own name, to recover possession of the property from a claimant under a tax deed.

*Appeal from Polk Circuit Court.*

MONDAY, APRIL 24.

ON the 7th day of July, 1879, the plaintiff commenced this action for the possession of two lots in the city of Des Moines, alleging in his petition, in substance, that in the month of August, 1874, he was, and for many years had been, the owner, and in possession of said property, and that, at said time, by oral agreement, he leased the same to one M. P. Turner, as tenant by the month, the time during which he was to occupy not being fixed; that Turner entered into possession of said premises and continued to use and occupy the same until the month of August; that on the 25th of July, 1876, plaintiff notified Turner that his term would expire on the 28th of August; that Turner did not surrender the premises to plaintiff, but permitted William T. Painter and Joshua C. Painter to come into the premises and occupy with him, and finally fully attorned to said Painters, and left the premises; that William T. Painter transferred his possession to Frank Eggleston, who went into possession with Joshua C. Painter, and they two have ever since held the same, and now set up claim adverse to plaintiff, although they know that their possession was fraudulently obtained from plaintiff's tenant, Turner, by his making a void and fraudulent attornment as above stated.

Pending the trial, the plaintiff filed an amendment to his petition, as follows: "That in, or about the year 1860, one William Kelchner, being the owner, and in possession of the

real estate in controversy, and being a non-resident of Iowa, placed said property in plaintiff's possession as his agent and trustee, to hold, possess, and rent the same for his use, and left the State. From that time, until plaintiff rented the property, as stated in his original petition to M. P. Turner, the plaintiff was in continuous possession and control of said property. The said Kelchner, many years before the first day of September, 1874, departed this life, and his heirs are to the plaintiff unknown, and that from the death of said Kelchner, he, the plaintiff, held possession and rented out said property, as trustee for the unknown heirs of said Kelchner, and that he acted as such trustee in renting to said Turner, as aforesaid, and placing him in possession, and so informed said Turner. And the plaintiff says, "this suit is brought by him, as agent and trustee, for the use of the unknown heirs of said Kelchner."

The defendants, for answer, deny that Turner attorned to them, and allege that on the first day of February, 1876, James Callanan, being the owner of said premises, sold the same to the defendants, Joshua C. Painter and William T. Painter, and that they took possession thereof, as purchasers from Callanan. The cause was tried to the court, and judgment was rendered for the defendants. The plaintiff appeals.

*M. D. McHenry*, with *W. E. Miller* and *R. N. Baylies*, for the appellant.

*Barcroft, Gatch & McCaughan*, for the appellee.

DAY, J.—The court found the facts as follows:

"1.   That the patent title to the real estate in controversy is in Mr. Kelchner, if living, and in his heirs, if he has deceased.

"2.   That about the year 1860, or 1861, said Kelchner left this State, leaving the said real estate in charge of plaintiff, with instructions to collect the rents and pay the taxes.

"3.   That on September, 1874, plaintiff rented the real es-

tate to one Turner, from month to month; that about three years thereafter, said Turner abandoned the premises.

"4. That on, or about the 15th day of August, 1863, one Callanan, purchased said real estate at tax sale for county taxes, and in August, 1866, received a deed for the same from the proper authorities.

"5. That Callanan believing said sale to be invalid, abandoned the title and made no further claim under it.

"6. That in October, 1870, the real estate in controversy, was sold for the county and State taxes of 1869, and was bid in by said Callanan, who, in January, 1874, received a deed for the same from the proper authorities.

"7. That both of said tax deeds to Callanan were duly and fully recorded in the office of the recorder of deeds of Polk county, Iowa.

"8. That in the year 1877 Callanan contracted to convey said real estate to defendants, and that after Turner abandoned the premises, Callanan entered into possession, and put defendants in possession thereof under his contract, and that defendants have ever since held possession thereof, claiming under Callanan."

As conclusions of law the court found:

"1. That plaintiff is neither the owner, nor trustee of said real estate, and that he has no such interest in it as will enable him to maintain said action.

"2. That Callanan acquired a valid title to the real estate by his tax deeds, and having obtained possession of the real estate and united it with the legal title, that defendants are entitled to the possession as against plaintiff."

The facts found by the court are abundantly sustained by the testimony. Respecting his authority over the property the plaintiff testified as follows: "I had some acquaintance with a young man by the name of Kelchner, in this city, in 1857 or '58. He went to Mississippi, and came back here, I think, in 1860. I was in partnership with W. H. McHenry at that time. He in-

1. AGENT: action by to recover real property.

formed us that he had a deed for this property from M. Daniel Christy and wife, and wanted us to take charge of the property, rent it out and take care of it, subject to his orders. I think this was in 1861. He went back to Lataitia, Miss., which he told us was his residence. I have never heard from him since."

The plaintiff claims that he may maintain this action under section 2544 of the Code, which is as follows: "An executor or administrator, a guardian, a trustee of an express trust, a party with whom, in whose name, a contract is made for the benefit of another, or party expressly authorized by statute, may sue in his own name, without joining with him the party for whose benefit the suit is prosecuted."

The evidence does not show the plaintiff to be the trustee of an express trust. An express trust cannot be proved by parol testimony. This is not only established by the uniform current of authority, but it is provided by express provision of our statute. Section 1934 of the Code, is as follows: "Declarations or creations of trusts or powers, in relation to real estate, must be executed in the same manner as deeds of conveyance, but this does not apply to trusts resulting from the operation or construction of law."

From the plaintiff's own testimony he was a mere agent for Kelchner, to rent out the property and take care of it. If it should be conceded that as such agent, he might, under section 2544, sue Turner upon the contract of lease, still it would by no means follow that he could maintain this action. This action is not brought for violation of terms of the lease, nor is Turner even a defendant, but the action is brought against Joshua C. Painter and Frank Eggleston, for the possession of the property, and is in the nature of an action of right. The plaintiff devotes a considerable, and in fact, the larger, portion of the argument to a discussion of the doctrine of attornment, and an attempt to show from the testimony that Turner fraudulently attorned to Callanan, and he complains that the court below, in its special findings, ig-

nored this controversy between the parties. This line of argument is a little singular in view of the fact that the petition of plaintiff nowhere alleges that Turner attorned to Callanan, and does not even use Callanan's name. The petition alleges that Turner fraudulently attorned to the Painters. This allegation of the petition is not supported by the evidence. The evidence does not show any contract or relation between Turner and the Painters, but shows, upon the contrary, that the Painters came into possession of the property in virtue of a contract of purchase from Callanan, who claimed to be the owner of the property. But, in the view which we take of the case, all inquiry respecting the attornment of Turner is immaterial. The plaintiff has not shown that he has any interest in the property, or right to maintain this action. He must rely, in this action, upon the strength of his own title, and not upon the weakness of that of the defendants. It follows that, without any inquiry as to the validity of Callanan's tax title, or the title of defendants, the judgment of the court must be

AFFIRMED.